## ECKERLY & STONE *v.* W. A. ALCORN.

PARTNERSHIP. *Notice of dissolution. Mailing of letter. Evidence.*
  The mailing of a letter containing a notice of the dissolution of a partnership,
    addressed to a creditor at his post-office, with postage prepaid, is not conclu-
    sive, but only presumptive, evidence that such notice was received.

APPEAL from the Circuit Court of Coahoma County.

HON. B. F. TRIMBLE, Judge.

This is an action of *assumpsit* brought by Eckerly & Stone against William A. Alcorn and Ella P. Morton upon an open account which it was declared the defendants had made while partners, composing the firm of W. A. Alcorn & Co. Alcorn plead the general issue and gave notice that he would prove thereunder that the firm of W. A. Alcorn & Co. had been dissolved and ceased to do business, and the plaintiffs had notice of such dissolution prior to the sale of any of the goods charged in the account sued upon.

The evidence showed that the firm of W. A. Alcorn & Co. had been buying goods from the plaintiffs for some time previous to the dissolution of that firm. The plaintiffs testified that they did not receive any notice of such dissolution till after they had sold and shipped the goods charged in the account sued upon. The defendant, Alcorn, testified that about March 1, 1882, which was several months prior to the sale of the goods whose price is here sued for, he wrote a letter to the plaintiffs notifying them of the dissolution of the firm of W. A. Alcorn & Co. and his withdrawal from the business, and that he mailed this letter, postage prepaid, and addressed to the plaintiffs at Memphis, Tennessee, their place of residence and business.

The third instruction given for the defendant was as follows: "The court instructs the jury that if they believe from the evidence that on or about the 1st of March, 1882, the defendant, W. A. Alcorn, mailed at the post-office at Friar's Point a letter, postage prepaid, addressed to Eckerly & Stone, Memphis, Tennessee, notifying them of the dissolution of the firm of W. A. Alcorn & Co., then the defendant, Alcorn, is not liable, and the jury will so find."

The verdict and judgment were for the defendant and the plaintiffs appealed.

*Frank Johnston,* for the appellants.

Notice of the dissolution of a partnership to its old creditors and customers must be actual and real, not fictitious and purely constructive. *Polk* v. *Oliver, Finnie & Co.,* 56 Miss. 567–8.

Mailing a letter is presumptive evidence only of notice. Parsons on Part., 411 *et seq.* and top page 456; 1 Greenleaf on Ev., § 40.

The question was distinctly presented and decided against the idea of a former dealer being bound by the mere mailing of a letter, and the analogy of the mailing of notices of the dishonor of commercial paper was expressly rejected in *Kenney* v. *Altwater,* 77 Pa. Reports.

*Calhoon & Green,* for the appellee.

Was there any error in the third instruction given for the appellee?

As to creditors who were such before the dissolution, the rule is that they must have actual knowledge or "*adequate means of knowledge.*" *Polk* v. *Oliver,* 56 Miss. 568, and Pars. on Part., there cited.

The mailing, postage paid and properly addressed, of notices of protest, of bills of exchange, and of non-payment of promissory notes is universally held sufficient and conclusive, and in these times of perfect mail facilities it is not easy to see why the same rule should not be extended to letters advising of the dissolution of partnerships.

Legislatures have so far taken notice of the modern regularity and certainty in the transmission of postal correspondence that many, including our own, have provided for notice in that way to make parties defendant in judicial proceedings. It would be no startling growth in the law to hold such notice sufficient to absolve a retiring partner from further liability.

CAMPBELL, C. J., delivered the opinion of the court.

It was error to instruct the jury that the mailing of a letter addressed to the appellants was notice to them of its contents. It was presumptive evidence, but nothing more.

*Reversed and remanded.*