CAYON, Respondent, vs. THE DWELLING HOUSE INSURANCE COMPANY OF BOSTON, MASS., Appellant.

*March 7 — March 22, 1887.*

INSURANCE AGAINST FIRE. *(1) Total loss: When over-estimate immaterial. (2) Evidence admitted for specific purpose. (3) Pleading: Affirmative defense. (4) Mortgage: Insurable interest. (5) Notary public not a "magistrate." (6) Proofs of loss: Waiver of defects.*

1. Under sec. 1943, R. S., providing that the amount of insurance written in the policy on the real property destroyed "shall be taken conclusively to be the true value of the property when insured, and the true amount of loss and measure of damages when destroyed," the fact that the loss was "knowingly and intentionally" stated by the plaintiff to be greater than it actually was, is immaterial and constitutes no defense to an action on the policy.

2. Evidence admitted for a specific purpose only cannot be used for any other purpose in the case.

3. That the assured fraudulently concealed the existence of a mortgage on the premises insured is an affirmative defense which should be pleaded.

4. *It seems* that in this state a mortgagor is the absolute owner of the mortgaged premises, and has an insurable interest therein to the extent of their value, notwithstanding the mortgage.

5. A notary public is not a "magistrate," within the meaning of a policy of insurance requiring proofs of loss to be accompanied by a "certificate of a magistrate nearest the place of fire."

6. Proofs of loss, otherwise proper, were accompanied by a certificate signed by a notary public instead of by a magistrate, as required by the policy. *Held*, that the retention of such proofs by the company without objection until the trial of an action on the policy, constituted a waiver of the defect.

APPEAL from the Circuit Court for *Brown* County.

Action upon a policy of insurance against fire. The facts will sufficiently appear from the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief signed by *Ellis, Greene & Merrill,* and oral argument by *Mr. Greene.* They con-

tended, *inter alia*, that the misrepresentation, in the proofs, of the amount of loss and damage defeated any claim under the policy. The policy provides that the proofs must state "the amount of loss and damage," and that "any misrepresentation in the proofs . ._ .· as to loss or damage shall forfeit all claims under this policy." Sec. 1943, R. S., conclusively fixes the amount of the insurance as the measure of damages, but a contract against misrepresentation is still competent and material; for the insurer is entitled to know the value and damage for *other purposes* than determining the *amount* he must pay if liable. The fact that the loss is much more than the insurance is convincing that the claim is just and fair, and tends to influence the insurer to settle promptly and without investigation. See *Sleeper v. N. H. F. Ins. Co.* 56 N. H. 401; *Leech v. R. F. Ins. Co.* 58 id. 245; *Claflin v. Comm. Ins. Co.* 110 U. S. 81–97; *Dogge v. N. W. Nat. Ins. Co.* 49 Wis. 501. The intentional over-valuation must be conclusively presumed to have been fraudulent, and the finding to the contrary must be rejected. *Mullin v. Vt. M. F. Ins. Co.* 58 Vt. 113. The distinction is between innocent mistake and wilful perjury; not between wilful perjury which is and that which is not fraudulent. *Parker v. Amazon Ins. Co.* 34 Wis. 371. See, also, *Leib v. Internat. Ins. Co.* 1 Dil. (U. S. C. C.), 443; *Wall v. Howard Ins. Co.* 51 Me. 32; *Security Ins. Co. v. Fay,* 22 Mich. 467; *Security Ins. Co. v. Bronger,* 6 Bush, 146; *Catron v. Tenn. Ins. Co.* 6 Humph. 176; *Haigh v. De la Cour,* 3 Campb. 319; *Dickson v. E. F. Ins. Co.* 18 U. C. Q. B. 246. The policy contracts against "any misrepresentation in the proofs," and such misrepresentation need not be fraudulent. *Burritt v. S. C. M. F. Ins. Co.* 5 Hill, 193; *Davenport v. N. E. M. F. Ins. Co.* 6 Cush. 340; May on Ins. sec. 217; *Lewis v. Eagle Ins. Co.* 10 Gray, 508; *Gould v. York Co. M. F. Ins. Co.* 47 Me. 409; *Carpenter v. American Ins. Co.* 1 Story C. C. 57; *Carter v. Boehm,* 3 Burr.

1909; *Cont. Ins. Co. v. Kasey*, 25 Gratt. 268. Nor need it be proved material, for the contract makes it material. *Graham v. Fireman's Ins. Co.* 87 N. Y. 91; *Thomas v. Fame Ins. Co.* 108 Ill. 91; *Jeffries v. Life Ins. Co.* 22 Wall. 47; *Campbell v. N. E. Mut. L. Ins. Co.* 98 Mass. 381; *Miller v. Mut. B. L. Ins. Co.* 31 Iowa, 216. These are cases relating to the risk, but it can make no difference whether the misrepresentation occurs in the proofs or the application, if it relates to matters which the insurer has a right to know. *Blakeley v. Phœnix Ins. Co.* 20 Wis. 206; *Claflin v. Comm. Ins. Co.* 110 U. S. 81; *Security Ins. Co. v. Bronger*, 6 Bush, 146. The court erred in refusing to submit to the jury the question proposed by defendant as to whether the misrepresentation was made to induce prompt settlement without investigation.

The plaintiff did not state in his proof the existence or value of the incumbrance on the insured property. This was a breach of the condition precedent to furnish proofs showing incumbrances. *Markle v. N. D. M. F. Ins. Co.* 28 U. C. Q. B. 525; *Blakeley v. Phœnix Ins. Co.* 20 Wis. 205; *Wellcome v. G. E. M. F. Ins. Co.* 2 Gray, 480; *O'Brien v. Comm. Ins. Co.* 63 N. Y. 111, 113; *Bumstead v. D. Mut. Ins. Co.* 12 N. Y. 81; *Brugnot v. L. S. M. & F. Ins. Co.* 12 La. 326. The failure to perform the condition precedent could be shown under the denial of performance. *Greenfield v. M. M. L. Ins. Co.* 47 N. Y. 430; *Wheeler v. Billings*, 38 id. 263; *Phœnix Ins. Co. v. Munday*, 5 Cald. 547; *Blakeley v. Phœnix Ins. Co.* 20 Wis. 205. The plaintiff also failed to procure the certificate of a magistrate as required by the policy. He had the burden of showing full compliance with this condition precedent, and the failure to prove it establishes the fact against him. Wood on Ins. 710, 713, 715; *Johnson v. Phœnix Ins. Co.* 112 Mass. 49; *Leadbetter v. Etna Ins. Co.* 13 Me. 265; *Hudson v. McCartney*, 33 Wis. 331; *Ind. Ins. Co. v. Capehart*, 108 Ind. 270; *Board v. Hammond*, 83 Ind. 453;

1 Best on Evi. secs. 266–7. The verdict finds that the magistrate whose certificate was annexed to the proofs "was not the magistrate nearest the place of fire, a number of magistrates living, having their offices, and being nearer to said place than said Sale." As to the alleged waiver the verdict finds that the president of the defendant retained the proofs, "relying on the recital in said certificate" that the magistrate was the nearest and "believing the same to be true;" and that "no other officer or agent of the defendant had anything to do with said proofs." The local agent did not know who made the certificate. To declare a waiver on these facts is to deprive a party of a legal right because he ignorantly keeps silent, when his ignorance is induced by the misrepresentation of the other party. A waiver is the "*intentional* relinquishment of a known right," and must rest on contract or estoppel. *Hoxie v. Home Ins. Co.* 32 Conn. 21–40; *Ripley v. Ætna Ins. Co.* 30 N. Y. 164; *Bennecke v. Ins. Co.* 105 U. S. 355; *Robertson v. M. L. Ins. Co.* 88 N. Y. 541; *Ill. M. B. Soc. v. Baldwin*, 86 Ill. 479; *Ryan v. S. F. & M. Ins. Co.* 46 Wis. 671; *Cannon v. Home Ins. Co.* 53 id. 585; *Rokes v. Amazon Ins. Co.* 51 Md. 512; Bigelow on Estoppel, 506; Wood on Ins. secs. 832, 837. Mere silence of defendant, even if it knew of the non-performance, if it did nothing to influence the conduct of the plaintiff, is not a waiver. *Mueller v. S. S. F. Ins. Co.* 87 Pa. St. 399; *Daniels v. E. F. Ins. Co.* 50 Conn. 551; *Engebretson v. Hekla F. Ins. Co.* 58 Wis. 301; *Noonan v. H. F. Ins. Co.* 21 Mo. 81; *Keenan v. M. S. M. Ins. Co.* 12 Iowa, 126.

For the respondent there was a brief by *Vroman & Sale*, and oral argument by *Mr. Vroman.* They argued, among other things, that under sec. 1943, R. S., where a building is totally destroyed, actual value becomes immaterial, and a misrepresentation of it therefore is immaterial. *Thompson v. St. L. Ins. Co.* 43 Wis. 459; *Bammessel v. B. F. Ins. Co.* id. 463; *Reilly v. Franklin Ins. Co.* id. 449. An over-

valuation in the preliminary proofs, without intent to defraud or deceive, will not prevent a recovery on the policy. *Dogge v. N. W. Nat. Ins. Co.* 49 Wis. 504, and cases cited. Nor will an over-valuation, with such intent, of a building totally destroyed prevent a recovery. *Bammessel v. B. F. Ins. Co. supra.* The president of the defendant must have known a notary public is not a magistrate. The retention of the proofs without objection was a waiver of all such omissions and defects. *Troy F. Ins. Co. v. Carpenter,* 4 Wis. 25; *Warner v. Peoria M. & F. Ins. Co.* 14 id. 323; *Killips v. P. F. Ins. Co.* 28 id. 480; *O'Conner v. Hartford F. Ins. Co.* 31 id. 165; *Badger v. Phœnix Ins. Co.* 49 id. 399; *Byrne v. R. S. Ins. Co.* 20 Ind. 103; *Phœnix Ins. Co. v. Taylor,* 5 Minn. 493; *Young v. Hartford F. Ins. Co.* 45 Iowa, 383. A preliminary proof of loss is *prima facie* proof of due compliance with conditions of policy, and is addressed to the court. *Hiles v. Hanover F. Ins. Co.* 65 Wis. 585; *Knickerbocker F. Ins. Co. v. Gould,* 80 Ill. 392–3; *Comm. Ins. Co. v. Sennett,* 41 Pa. St. 161. The magistrate's certificate is a part of such proof. *Killips v. P. F. Ins. Co.* 28 Wis. 481.    ♦

· ORTON, J.    The defenses to this action on the policy of insurance, set up in the answer, are as follows: (1) That the fire and loss occurred or were caused by the wilful act and procurement of the plaintiff; (2) that the plaintiff fraudulently concealed the fact that the building or dwelling-house to be insured was and had been used as a cooper-shop; (3) that the plaintiff in his proofs of loss fraudulently over-estimated the value of the property insured; and (4) that there was not annexed to the proofs of loss the certificate of a magistrate nearest to said fire, as required by the policy. The first and second defenses were negatived by the findings of the jury, and such findings were clearly warranted by the evidence.

As to the third defense, the jury found that the plaintiff

"*knowingly* and *intentionally* stated in the proofs of loss the amount of loss and damage greater than it actually was," but "*not with intent to deceive or defraud* the defendant." It is ingeniously argued by the learned counsel of the appellant that, these findings being contradictory, the first shall prevail and the second be rejected. Why not reverse the proposition, and reject the first, by the rule that a later statute repeals an earlier one, or the last judgment reconsiders and reverses or overrules a former one? But are these two findings repugnant to each other? It is plausibly argued by the learned counsel that *knowingly* and *intentionally* stating the amount of the loss greater than it actually was must have been with *intent to deceive or defraud*. The jury may have thought that the first finding (which was previously prepared for them by the court or counsel) meant that the plaintiff knowingly and intentionally stated the amount of the loss, which they now found, to be greater than it actually was; in other words, that such statement of the amount was his best and honest judgment, but it was greater than it actually was. The language is peculiar. It would not seem to mean that the plaintiff knowingly and intentionally *overestimated* the value of the property or the amount of the loss. But be this as it may, the first finding on this question comes short of such a fraud as affected the validity of the policy, or the plaintiff's right to the stipulated amount to be paid in case of total loss. The policy covered the building and its contents, and the controversy is mainly concerning the building alone, which was totally destroyed by the fire. In such a case the *actual* amount of the loss was *immaterial*, by virtue of the statute (sec. 1943, R. S.), which provides that the amount of insurance written in the policy on the real property destroyed "shall be taken *conclusively* to be the true value of the property when insured, and the true amount of loss and measure of damages when destroyed."

In view of this statute (ch. 347, Laws of 1874) it was held in *Thompson v. St. Louis Ins. Co.* 43 Wis. 462, that the complaint need not state the value of the property when it was destroyed; and in *Reilly v. Franklin Ins. Co.* 43 Wis. 449, that a defense in the answer that the value of the property destroyed was less than that stated in the policy could not prevail against this statute; and in *Bammessel v. B. F. Ins. Co.* 43 Wis. 463, where the policy contained a provision that "all fraud, or attempt at fraud, by false swearing or otherwise," should cause a forfeiture of all claim under the policy, that such a defense, in respect to the value of the property when destroyed, could not be made. In these cases, the chief justice, in his opinions, considered every view which could even plausibly be taken against the full effect of the statute, and reviewed the authorities claimed to have force against its application, and the question should have been taken as settled and disposed of during the existence of the statute.

It is not perceived how the company could have been influenced by any such over-estimate to settle or compromise, or not to settle or compromise, the claim for the insurance so fixed *conclusively* by the statute; for in no case could the company be compelled to pay more, or could the insured be induced thereby to receive less, than the amount so fixed by law. In this case the agent of the company required of the insured no statement whatever previous to the issuing of the policy, and he made his own examination of the property and his estimate of its value. The authorities cited by the learned counsel of the appellant do not seem to have any application to this case under our statute; and the circumstances in which such an issue might be claimed to be sometimes material, notwithstanding the statute, are not present in this case. This defense, therefore, cannot prevail under any construction of the finding of an over-estimate of the value or loss.

But, within this defense, it is contended that the evidence showed the existence of a $50 mortgage upon the property when insured and when destroyed, and that such mortgage was not mentioned in the proofs of loss, but fraudulently concealed. The only proof of the existence of any such mortgage, or the particulars thereof, appears to have been as follows: The plaintiff was asked on cross-examination as a witness whether "there was a mortgage on his house at the time of the insurance and of the fire." This question was objected to by plaintiff's counsel, and the judge said: "I don't think it would cut any figure in the case." The counsel of the plaintiff then said: "I will withdraw the objection to its not being cross-examination, if it is simply to be admitted as to the motive this man had." The plaintiff as a witness thereupon answered, "Yes, sir." It was then stipulated that the amount of the mortgage was $50, dated April 3, 1884, from *T. Cayon* to Manuel Brunette; and the witness then said: "There was a mortgage on the house for $50, with ten per cent. interest from the date of the note. The agreement between [him] and Mr. Brunette was that the interest was due when the mortgage was due, and that was two years." It is contended by the learned counsel of the respondent that this evidence of the mortgage was limited in its effect to the *motive* of the plaintiff on the charge of his having burned the building, and that the evidence, having been received for this specific purpose, cannot be used for any other purpose in the case. It would seem, from the strong intimation of the court that the evidence was immaterial, that it would have been rejected for all purposes had not the plaintiff's counsel withdrawn his objection to it upon the condition that it should be used only as to the plaintiff's motive to burn the building. When the evidence was received, therefore, it was received for that purpose only. In such case the rule established in *Hiles v. Hanover F. Ins. Co.* 65 Wis. 585, would

seem to limit the use of this evidence to such purpose. This was an affirmative defense that ought to have been set out in the answer as notice to the plaintiff. It not having been disclosed by the answer or otherwise, neither the court nor the counsel of the plaintiff could know the object of the evidence or its materiality, and it would be an unwarrantable surprise to now treat it as in the case generally and for all purposes. Had not the fact of the existence of this mortgage been so limited as evidence, and had the plaintiff's counsel known that it would be used to diminish the loss or to show a fraudulent concealment of an incumbrance, perhaps it might have been shown that the agent of the company knew of its existence before the insurance, or some other rebutting evidence might have been given to render the fact harmless to the plaintiff. But it is sufficient to answer the rule that this evidence was so conditionally received. The plaintiff, as the insured, had made no statements or representations whatever as to incumbrances on the property, and was not questioned concerning any, before the policy was issued, and it is not perceived how this $50 mortgage could "cut any figure in the case," as stated by the learned judge before whom the case was tried. The plaintiff, as mortgagor, in this state was the absolute owner of the property, and had an insurable interest to the extent of its value, notwithstanding the mortgage, as we understand the law. May, Ins. §§ 82, 285, and case cited in note 4. But this we do not positively decide, for we do not think the question properly in this case from the evidence as received.

The fourth defense consists in the failure of the plaintiff to furnish proofs of loss with the proper certificate of a magistrate annexed, as a condition precedent to a recovery or of any claim due or payable. The policy required the assured to " furnish and *annex to the proofs* a certificate of a magistrate nearest the place of fire, who is not a creditor

or relative of the assured, that he has investigated the facts of the case and that the claim is just and honest," and provided that "until such . . . certificate shall be furnished . . . the claim shall not be due or payable." The certificate annexed to the proofs of loss was that of L. B. Sale, Esq., notary public. There was proof that L. B. Sale, Esq., was not the nearest magistrate to the fire, and there was no proof that he was. But the first and paramount objection to the certificate consists in the fact that he was not a *magistrate*. In the narrower sense in which the term is used, and in which it must have been used in the policy, it means "an inferior judicial officer, as a justice of the peace." The fact that the officer must be a magistrate nearest the place of the fire would seem to indicate that a justice of the peace was the officer intended; for his office and place of business are local and fixed, and he is one of a class of magistrates. In common parlance a justice of the peace is a magistrate and is often called by that name. Bouvier's and Rapalje & Lawrence's Law Dictionaries and Webster's Dictionary agree upon this limited use of the term. The president of the United States and governors of the states are called magistrates, but they are *chief* magistrates, and of course not intended. One thing is very certain, a notary public is not a magistrate and is never called a magistrate. It follows, therefore, that the proofs of loss in this case had not the proper certificate of a magistrate annexed to them, as required by the policy. The proofs of loss, otherwise proper, were furnished to the company in proper time, and were kept by the company without objection until the trial. If they were defective for want of a proper certificate, they should have been returned for that reason at once, so that the proper certificate could be obtained. Retaining them without objection constitutes a waiver of any such objectionable defects. This has been so often decided by this court that we need not

look elsewhere for authority. *Warner v. Peoria M. & F. Ins. Co.* 14 Wis. 318; *Killips v. Putnam F. Ins. Co.* 28 Wis. 480; *O'Conner v. Hartford F. Ins. Co.* 31 Wis. 165; *Badger v. Glens Falls Ins. Co.* 49 Wis. 389; *Badger v. Phœnix Ins. Co.* 49 Wis. 396. The learned counsel of the appellant seems to have relied upon other defects in the certificate which were not known to the company. But this defect, which is paramount and palpable, the company are presumed to have known. It would be quite immaterial whether Mr. Sale, the notary, was nearest the fire or not, for he was not a magistrate.

We can find no errors in the record which ought to reverse the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.

