No. 47.

## THE HOME INSURANCE COMPANY OF NEW YORK v. MARPLE.

INSURANCE.—*Other Insurance.—Forfeiture.—Notice of.—Waiver.*—Conditions against other insurance, although coupled with clauses of forfeiture absolute and positive in terms, are voidable only; and the insurer with actual notice of additional insurance, in order to work a forfeiture on that account, must, in some satisfactory manner, declare his disaffirmance, or he will be presumed to have given consent and waived the forfeiture.

SAME.— *Waiver by Requesting the Publication of Data for Estimating Amount of Loss.*—If the adjuster of an insurance company visit the scene of the conflagration within a few days after the fire, and, upon hearing of the other insurance for the first time, cause the insured to procure duplicates of his bills of purchase, and other data, for the purpose of obtaining a basis for the payment of the loss, the jury may find from these facts a waiver of the forfeiture occasioned by the breach of the policy against other insurance.

NOTICE.—*Mailing Letters in Post-office.—Proof of Having Written.*—Where actual notice is required, evidence of the mailing of a letter containing such notice, properly addressed and stamped, is *prima facie* proof of the receipt of the notice, and if its receipt is not denied the court may instruct the jury to so find; but if its receipt is disputed, the question should be submitted to the jury, to be determined from all the evidence, both positive and circumstantial, whether the notice was in fact received or not. A witness can not testify that he saw the author of the letter writing a letter, and that he told him he was writing it for the purpose of giving the notice.

INSTRUCTIONS.—*Court Drawing Inferences for Jury.*—If the evidence is undisputed upon an essential fact, and but one inference may be properly drawn from it, the court may so instruct the jury, and to that extent control the verdict; but if the evidence is conflicting, or is of such a character that different inferences might be drawn from it, the question must be submitted to the jury without interference on the part of the court, except to instruct generally upon the law of the case.

From the Fountain Circuit Court.

*F. Winter, J. B. Elam* and *H. H. Dochterman,* for appellant.

*W. D. Durborow, J. McCabe* and *E. F. McCabe,* for appellee.

CRUMPACKER, J.—The Home Insurance Company of New York issued a policy of fire insurance to Benjamin F. Marple on the 31st day of December, 1884, for $2,000, covering certain buildings and a stock of merchandise. The policy ran for one year from its date, and within its lifetime the entire property covered by it was destroyed by fire. The company declined to pay the loss and suit was brought upon the policy.

Among other provisions the policy contained the following : "If the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written thereon, then this policy shall be void." Also : " 8. This insurance may be terminated at any time, at the request of the insured, in which case the company shall retain only the customary short rates for the time the policy has been in force. This insurance may also be terminated at any time, at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy."

An answer was filed to the complaint, setting up, with other defences, the fact that about the 1st day of March, 1885, the insured took out two other policies of insurance covering the same property covered by the policy sued upon, without the consent of this company, and in violation of the condition against additional insurance. Wherefore, it was claimed the policy in suit became void.

To this answer of forfeiture, the plaintiff replied that he notified the defendant company of the fact of such other insurance, at once upon procuring the same, and such company made no objection thereto, but allowed its policy to run uncancelled for seven months, until the loss occurred, and during all of that time had full notice of such other insurance, and failed to return any of the premium, and that the plaintiff relied upon the validity of the policy, and so relying failed to procure a sufficient amount of other insurance to indem-

nify him. Wherefore, he claimed the forfeiture arising upon the breach of the condition against other insurance was waived.

A demurrer was filed to this reply, and overruled, and the cause was tried, and resulted in a verdict and judgment for the policy-holder for $500.

A motion for a new trial was filed and overruled.

The first question which claims our attention is the alleged error in overruling the demurrer to the reply.

It is claimed upon behalf of appellant that by the terms of the policy it became absolutely void when the subsequent insurance was taken out, without consent endorsed upon the policy, and the mere silence of the appellant after knowledge of such subsequent insurance, did not operate as a waiver of the forfeiture; in short, that the condition against other insurance was absolute, and *ex vi termini* destroyed the validity of the policy.

To declare that the law views forfeitures with disfavor is but to repeat a proposition as familiar to the lawyer as the Golden Rule should be to the student of moral philosophy. It must be admitted that the pronounced tendency of modern adjudications is to relieve contracting parties from the hardships resulting from technical forfeitures whenever it can be done without violating the substantial rights of the parties to the contract. Conditions against other insurance contained in policies, although coupled with clauses of forfeiture absolute and positive in terms, are now construed as voidable only, and the insurer with notice of additional insurance, in order to work a forfeiture on that account, must in some satisfactory manner declare his disaffirmance or he will be presumed to have given consent and waived the forfeiture. Thus it was said by the court in *Havens* v. *Home Ins. Co.*, 111 Ind. 90 : " Having knowledge of the other insurance the company may manifest its dissent by cancelling its policy; otherwise it will be treated as having assented, and waived compliance with the condition."

In the case of *Phenix Ins. Co.* v. *Boyer, ante,* p. 330, in an exhaustive opinion by ROBINSON, J., the authorities upon this question are reviewed and the modern doctrine reaffirmed with much emphasis, so we must regard the question as firmly settled in this State. It follows that no error was committed in overruling the demurrer to the reply.

Upon the trial the only evidence adduced tending to prove that the appellant was notified of the other insurance was the testimony of the appellee, to the effect that the day after procuring such other insurance he wrote a letter to Messrs. Ducat & Lyons, the general managers of the appellant's business at Chicago, Illinois, informing them of the fact, which letter he enclosed and sealed in an envelope, properly addressed to said managers, giving their street and number, and that he stamped such letter with sufficient United States postage, and mailed it at the post-office at State Line City, Indiana. No answer was ever received to the letter, and the appellee had no knowledge that it had been received except what he might infer from having so written and mailed the letter. The general managers of the appellant, to whom the letter was addressed, denied ever having received it, or any other notice or intimation of the procuring of other insurance until after the loss.

Upon the question of notice the court instructed the jury as follows:

" If the jury find that plaintiff, next day after taking out such other insurance, wrote a letter to Ducat & Lyons, general managers of defendant's insurance business at Chicago, Illinois, notifying them of such other insurance, and that said letter was properly enclosed in an envelope which was properly addressed on the back of said envelope to said Ducat & Lyons, Chicago, Illinois, giving the street and number where their said office was then situate in said city where they did defendant's insurance business, and that said letter was duly stamped with the necessary United States postage stamp or stamps, sealed and deposited in the post-office, at

State Line City, Indiana, on said day, by said plaintiff, then the presumption of fact, from the known course of business in that department of public service, is that said letter reached said office of Ducat & Lyons at the regular time, and was received by the persons to whom it was addressed."

Exceptions were duly taken to this instruction by the appellant, and the question arising upon the exceptions is properly before us for decision. ·

It is argued, with much force and energy by the appellant's counsel, that the instruction undertakes to direct what inferences may be drawn from certain facts in evidence, and in that respect it invades the province of the jury, and was erroneous.

Where the evidence is undisputed upon an essential fact in a case, and but one inference may properly be drawn from it, the court may so instruct the jury, and to that extent control the verdict, but where the evidence is conflicting, or is of such a character that different inferences might be drawn from it, the question must be submitted to the jury without interference on the part of the court, except to instruct generally upon the law of the case.

It is solely the function of the jury to determine the truth of all disputed facts, and draw inferences of fact from items of evidence, and it is error for the court to assume to direct the jury in this regard by invading their province and directing the application of the evidence or what inferences may be drawn from it. This can not be regarded as a debatable question in this State. *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409 ; *Union Mut. Life Ins. Co.* v. *Buchanan,* 100 Ind. 81 ; *Stanley* v. *Montgomery,* 102 Ind. 102 ; *Unruh* v. *State, ex rel.,* 105 Ind. 117 ; *Woollen* v. *Whitacre,* 91 Ind. 502 ; *Dodd* v. *Moore,* 91 Ind. 522 ; *Canada* v. *Curry,* 73 Ind. 246 ; *Greer* v. *State,* 53 Ind. 420 ; *Carver* v. *Louthain,* 38 Ind. 530.

It was necessary, in order to establish a waiver of the

breach of condition against other insurance, to prove *actual* notice to the appellant, and silence under such circumstances as to imply its assent to the additional insurance. Proof of such notice was sought to be made by evidence of the writing and posting of the letter duly addressed and stamped. The appellant denied the receipt of the letter, so the question whether or not it was received was clearly one of fact to be determined by the jury. Depositing a letter in a post-office, properly addressed and stamped, is *prima facie* proof that it was received by the person to whom it was addressed, in due course of mail, but where its receipt is disputed the court would not be justified in instructing the jury that the receipt of the letter might be inferred from so mailing it.

In the case of *Huntley* v. *Whittier*, 105 Mass. 391, the court said : " The depositing of a letter in the post-office, addressed to a merchant at his place of business, is *prima facie* evidence that he received it in the ordinary course of the mails; and where there is no other evidence, the jury should be so instructed.    *    *    *    The presumption so arising is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty, and the usual course of business; and, when it is opposed by evidence that the letter was never received, must be weighed, with all the other circumstances of the case, by the jury, in determining the question whether the letter was actually received or not; and the burden of proving its receipt remains throughout upon the party who asserts it."

This doctrine is founded upon business experience and sound principle, and is strongly supported by the following authorities :    *Rosenthal* v. *Walker*, 111 U. S. 185 ; *Briggs* v. *Hervey*, 130 Mass. 186 ; *Kenney* v. *Altvater*, 77 Pa. St. 34 ; *Meyer* v. *Krohn*, 114 Ill. 574 ; *Eckerly* v. *Alcorn*, 62 Miss. 228 ; *Austin* v. *Holland*, 69 N. Y. 571 ; *Greenfield Bank* v. *Crafts*, 4 Allen, 447 ; *Durringer* v. *Moschino*, 93 Ind. 495 ;

Wade Notice, section 501 ; Wharton Ev., section 1323 and note ; 13 Am. & Eng. Encyc. of Law, p. 260.

It is universally admitted that the inference of delivery deduced from the mailing of a letter duly addressed and stamped is an inference of fact, and not a conclusion of law, except as applied in cases of notice of the dishonor of bills of exchange and notes governed by the law merchant.   In the latter class of cases, from the necessities of commerce, the law conclusively presumes notice to the drawer or endorser of a bill from the act of posting it in due time.   It should be kept in mind, however, as having an important bearing upon such legal presumption that the rights of the parties to commercial paper do not depend so much upon the receipt of notice by the drawer or endorser as upon diligence in the holder in attempting to communicate such notice, and it is part of the contract imported into it by legal implication, that, ordinarily, notice duly put in the course of transmission by the mails shall be taken and considered notice to the drawer or endorser.

From the reasoning of the cases cited, the conclusion necessarily follows that in all cases where actual notice is required, evidence of the mailing of a letter containing such notice, properly addressed and stamped, is proof, *prima facie,* of the receipt of the notice, and where its receipt is not denied, the court may instruct the jury to so find.   But the inference is one of fact, and where the receipt of the notice is disputed, the question should be submitted to the jury, to be determined from all the evidence, both positive and circumstantial, whether the notice was in fact received or not.   Under the latter hypothesis the court should not instruct the jury what inferences might be drawn from any of the facts in evidence.

Our conclusion is that the court erred in giving the instruction in question.

As applicable to the evidence, and material to the rights

of the parties, it was proper for the court to instruct the jury that if the appellant's duly authorized adjuster visited the scene of the conflagration within a few days after it occurred, and learned of the other insurance, and after having such information, caused the appellee to procure duplicates of his bills of purchase and other data for the purpose of obtaining a basis for the payment of the loss, they might find from these facts a waiver of the forfeiture occasioned by the breach of the condition of the policy against other insurance. This is the law. *Gans* v. *St. Paul Fire Ins. Co.,* 43 Wis. 108; *Webster* v. *Phœnix Ins. Co.,* 36 Wis. 67; *Cannon* v. *Home Ins. Co.,* 53 Wis. 585; *Pennsylvania Fire Ins. Co.* v. *Kittle,* 39 Mich. 51.

Another cause assigned for a new trial was error of law in permitting one Gaskin, on behalf of the appellee, to testify that he (witness) was in appellee's store in the early part of the month of March, 1885, and saw the appellee sitting at his desk writing, and while so engaged the appellee stated to the witness that he was writing a letter to the Home Insurance Company, informing it of the fact that he had taken out additional insurance upon his buildings and stock. This evidence was admitted upon the theory that the declaration made at the time the letter was being written had a tendency to elucidate the act, and was therefore competent as *res gestæ.*

Wharton, in his work on Evidence (section 259), states the rule regulating the admission of declarations contemporaneous with an act as follows: "The *res gestæ* may be therefore defined as those circumstances which are the automatic and undesigned incidents of a particular litigated act, and which are admissible when illustrative of such act."

We do not think the act of writing the letter in this case was a "litigated act" in such a sense that the appellee's declaration at the time was competent evidence as *res gestæ.* It was error to admit this evidence.

A number of other questions are discussed by counsel, but inasmuch as the judgment must be reversed for the errors

already noticed, and the questions not decided directly or impliedly by this opinion may not arise at another trial, we do not deem it expedient to extend this opinion for the purpose of deciding them.

The judgment is reversed, at the costs of the appellee, with instructions to the trial court to grant a new trial.

Filed May 13, 1891.