# Lucy M. C. Rolfe

## v.

## Arthur D. Rich.

*Filed at Ottawa October 26, 1893.*

1. Attorney and client — *contracts between — fairness required.* Dealings between attorney and client resulting in advantage to the former will be closely scrutinized, and the attorney will be required to show the utmost good faith and fairness, and that the client dealt with full knowledge of his rights. But the law does not prohibit all dealings between them, or declare all contracts made by the attorney with the client *ipso facto* void, or voidable at the instance of the client.

2. Set-off — *directions to the jury.* On the trial of an action of assumpsit, in which the plaintiff sought to recover various items for legal services, and the defendant relied on a set-off consisting of various items, the court instructed the jury, that if they believed, from the evidence, that the defendant had proved the items in her set-off, then they should deduct from the claim of the plaintiff such sum as they might, from the evidence, believe had been proven. It was *held,* that such part of the instruction was substantially accurate.

3. Evidence — *degree of proof — requiring the jury to be "satisfied."* An instruction which leaves the jury at liberty to require, in their discretion, such proof as will "satisfy" them of the justice of the defendant's claim, is clearly erroneous, but such error will not call for a reversal when it clearly appears that it could not have worked the defendant any injury.

4. It has been repeatedly held by this court that the jury, in civil cases, are only required to believe from a preponderance of the evidence, and that to require them to be satisfied, imposes a higher degree of proof than the law requires.

5. Practice — *duty to modify instructions.* It is not the duty of the court to amend or modify an instruction asked, which is erroneous, so as to obviate the error in the same as asked.

6. Appeals and writs of error — *reviewing the facts.* Where the judgment of the trial court is affirmed by the Appellate Court, and an appeal is taken to this court, no error of fact can be considered by this court, and only questions which arise upon the ruling of the trial court upon the admission of evidence and upon the instructions given and refused can be considered.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. Tuthill, Judge; presiding.

Mr. Will B. Moak, for the appellant.

Mr. Edward Maher, for the appellee.

Mr. Justice Shope delivered the opinion of the Court:

This was assumpsit, brought by appellee. Appellant filed a plea of the general issue and set-off. A trial by jury resulted in verdict for plaintiff, (appellee,) upon which, after overruling motion for a new trial, judgment was rendered. On appeal to the Appellate Court, by defendant below, this judgment was affirmed, and she prosecutes this further appeal.

All alleged errors of fact are, by the judgment of the Appellate Court, conclusively settled adversely to the contention of appellant. The questions we may consider are such, only, as arise upon the rulings of the court, and in this case relate only to the instructions given or refused, and the admission or rejection of testimony.

It may be said of the instructions asked and given on plaintiff's behalf, that, so far as they were applicable to the issues tried, they were substantially accurate, and that in none of them, when the case made by the proofs is considered, was there prejudicial error. The first instruction asked by defendant was properly refused. While the law is, that dealings between attorney and client, resulting in advantage to the former, will be closely scrutinized, and the attorney be required to show the utmost good faith and fairness, and that the client dealt with full knowledge of his rights, it does not prohibit all dealings between them, or declare all contracts made by the attorney with the client *ipso facto* void, or voidable at the instance of the client. The instruction was too broad in its statement of the rule, and required the attorney to

account for profits realized in a joint venture with his client, without regard to the good faith and knowledge of the parties.

It is conceded by counsel for appellant, that the second instruction asked by her, and refused, was inaccurate when applied to the facts of the case, and it will not be necessary to examine the same further. That it was inaccurate is clear, and easy of demonstration. Counsel is in error in his assumption that it was the duty of the court to amend or modify it. *Vanlandingham* v. *Huston*, 4 Gilm. 125.

The third instruction asked by appellant, as modified and given by the court, after saying that the defendant had pleaded set-off, was as follows: "That if the jury believe, from the evidence, that the defendant, Mrs. Rolfe, has proven the items claimed by her as a set-off, then the jury should deduct from the claim of the plaintiff such sum as the jury may, from the evidence, believe has been proven; and if the jury further believe, from the evidence, that the items of set-off claimed by the defendant, Mrs. Rolfe, exceed in amount the sum claimed by the plaintiff, then the jury should find a verdict for such sum as the evidence shows, to your satisfaction, that she has proved herself entitled to recover from the plaintiff over and above his just claim against her."

The rule laid down by the instruction as given, disregarding the land-mark fixed by the law for the guidance of courts and juries in determining questions of fact in civil cases,—that conclusions should be reached by weighing the evidence and finding in accordance with what they believe to be its preponderance,—left the jury at liberty to require, in their discretion, such proof as would "satisfy" them of the justness of the defendant's claim. The word "satisfaction," as here used, would be understood, and properly, in the sense given in Worcester's fourth definition: To "release from suspense, doubt or uncertainty; the sense of certainty; conviction." To "satisfy" is: "To free from doubt, perplexity or suspense;

to set the mind at rest; to convince." And one of the synonyms given is, to "convince the understanding." While one person may be satisfied of the truth of a matter upon a mere *scintilla* of evidence, and another require that all doubt be removed before it is shown to be true to his satisfaction, it can not be said that one is satisfied,—that his understanding is convinced of the truth of the matter in respect of which he entertains a reasonable doubt. It would seem that to require the juror to be "satisfied," would necessitate removing from his mind all reasonable doubt of the truth of the matter. It has repeatedly been held by this court, in civil cases, that the jury are only required to find from a preponderance of the evidence, and that to require that they be satisfied, imposes a higher degree of proof than the law requires. *Warner* v. *Crandall*, 65 Ill. 195; *Herrick* v. *Gary*, 83 id. 85; *Graves* v. *Colwell*, 90 id. 612; *Ruff* v. *Jarrett*, 94 id. 475.

Was the error prejudicial, so as to require a reversal of the judgment? We are inclined to agree with the Appellate Court that it was not. It will be observed that the first part of the instruction correctly states the duty of the jury, that if they believed, from the evidence, that the defendant had proved the items of her set-off, then they should deduct from the claim of the plaintiff such sum as they may, from the evidence, believe has been proved. This was substantially accurate, and the same rule was given to the jury by the first of the plaintiff's series. They were then told that the plaintiff was required to prove his claim by a preponderance of the evidence, and that the defendant was required to prove her set-off by a preponderance of the evidence, only. The latter clause of the instruction condemned, and the only portion that it is pretended was erroneous, applied only to any excess of the defendant's cross-claim for which she might ask judgment over. By looking into the record it is clear the controversy was narrowed down to the allowance of a claim by

plaintiff for attorney's fees, and the item of $300, being one-half of the profits arising from a joint deal between the parties, which the defendant claimed because of the alleged fiduciary relation of the plaintiff toward her in the transaction.

It is clear that the plaintiff's claim, and many of the claims of set-off of the appellant, were allowed, and a finding for the plaintiff for a balance of $399.24. If all the items of set-off which were really contested had been allowed, there should have been a small judgment for defendant. But no one of these items, as claimed, amounted to as much as the finding for plaintiff, and if either one had been deducted, and not all, there must still have been a finding for plaintiff. It therefore appears that the jury refused to deduct from the claim of plaintiff, as they found it proved, any one of these contested items, and it is to be presumed they found that they were not proved by a preponderance of the testimony. They were expressly told, that if they believed, from a preponderance of the evidence, that defendant had proved her set-off, they should deduct the same, as they found it thus proved, from the claim of the plaintiff. It is presumed they were men of reasonable intelligence, and followed the instructions. There was therefore no excess of set-off to be considered by the jury, and the erroneous instruction could have done no harm.

Substantial justice has been done, and although error has intervened, it can not be said to be prejudicial. The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*