No. 16,754.

Davis v. National Forge and Iron Company.

Bill of Exceptions.—*When not Properly in the Record.—Statement of Trial Judge.—Filing.—Signing.*—A bill of exceptions purporting to have been signed and filed after the expiration of the time limited therefor, will not be considered on appeal, notwithstanding a statement signed by the trial judge that it was presented to him in due time, where such statement follows the signature of the judge in the bill instead of being contained therein as required by the statute.

From the Lake Circuit Court.

*I. Cowen* and *C. N. Morton,* for appellant.

*W. O. Johnson* and *P. Crumpacker,* for appellee.

McCabe, J.—This was an underfiling claim by the appellant in proceedings in attachment against the appellee, amounting to over $32,000.

The issues joined were tried by the court, resulting in a general finding for the defendant upon which the court rendered judgment over the plaintiff's motion for a new trial.

The only error assigned calls in question the action of the court in overruling appellant's motion for a new trial.

Davis *v.* National Forge and Iron Co.

The only reasons assigned in the motion for a new trial are, that :

1. The judgment of the court is not sustained by sufficient evidence.

2. The judgment of the court is contrary to law.

3. The judgment of the court is contrary to the evidence.

4. The court erred in rendering judgment for the defendant.

We would be justified in affirming the judgment on the ground that none of the causes or reasons specified in the motion are reasons or grounds for a new trial. *Rosenzweig* v. *Frazer*, 82 Ind. 342 ; *Rodefer* v. *Fletcher*, 89 Ind. 563.

But assuming, without deciding, that such specifications constitute legal reasons or causes for granting a new trial, the determination of the questions raised by them requires an examination of the evidence. The motion for a new trial was overruled on August 3, 1892, when sixty days time was given the plaintiff to file a bill of exceptions. On October 7, 1892, what purports to be a bill of exceptions was filed in the clerk's office below, purporting to incorporate the evidence into the same. This was several days after the expiration of the sixty days allowed.

The bill purports to have been signed by the trial judge on October 5, 1892. That was several days after the expiration of the sixty days allowed.

But after the signature of the judge to the bill follows a statement by him that the bill of exceptions had been presented to him by the plaintiff on September 28, 1892, and that time was taken to examine the same. This statement is signed by the judge but it does not purport to be in the bill or a part of it, but follows after the signature of the judge to the bill. If this statement

had been in the bill it would have been in time, that is, within the sixty days allowed, and the bill thereafter filed would have become a part of the record, though filed long after the expiration of the sixty days allowed.

But the statute requires this statement to be contained in the bill of exceptions, and not endorsed on or attached to it. *Cornell* v. *Hollett,* 140 Ind. 634; *Wood* v. *Ohio Falls Car Co.,* 136 Ind. 598; *Ayres* v. *Armstrong,* 142 Ind. 263.

The presumption is that the judgment of the trial court is right until the contrary is made affirmatively to appear by the record.

The evidence being required to make good the charge in the assignment of errors against the judgment, and the evidence not being in the record, the judgment must be affirmed.

Judgment affirmed.

Filed December 18, 1895.