## Gaar, Scott & Co. v. Oscar M. Hulse, Adm'r.

1.  INSANITY—*As a Defense to a Promissory Note—Measure of Proof.*—Where a plea is filed to a declaration upon a promissory note against a surety, that the defendant was at the time of signing the note insane, and incapable of transacting business, it is sufficient to show such mental incapacity by a preponderance of the evidence.

2.  SURETY—*When Insanity Releases.*—Where the time of payment on several promissory notes is extended by taking a new note signed by the surety on the original notes, if at the time of such extension the surety was incapable mentally of assenting to such extension, he was released, and no recovery can be had upon his prior contract of suretyship.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Crawford County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

**Statement.**—Myron N. Hulse and one C. B. Hulse signed a contract with the appellant, by which C. B. Hulse pur-

chased of appellant certain threshing machinery, and Myron N. Hulse agreed to become security on a portion of the notes for the purchase price of the machinery. In August, 1894, notes were executed pursuant to said contract, and Myron N. Hulse became security to appellant on three of said notes. On the 13th of June, 1896, the said notes having matured, and being unpaid, the note introduced on trial was executed in their stead and they were surrendered. The amount of said note was the principal and interest due on the three notes, and it became due May 1, 1898. It bore interest at seven per cent from date, and included a reasonable attorney's fee, in case of suit, to be included in the judgment.

Myron N. Hulse died August 9, 1897, before the maturity of the note, and letters of administration were duly granted. On March 1, 1899, claim was filed by appellant against his estate, stating the amount due on the note of June 13. 1896, at the time of filing the claim, and attaching the note to the claim filed.

Oscar M. Hulse, administrator, filed objections to said claim, alleging that Myron N. Hulse, at the time of executing said note, June 13, 1896, was insane and incapable of transacting business. Certain formal objections were also filed. Upon trial in the County Court a verdict was rendered for defendant, and upon appeal to the Circuit Court a like verdict was rendered and an appeal taken to this court.

JONES, EAGLETON & NEWLIN, attorneys for appellants.

BRADBURY & MACHATTON and PARKER & CROWLEY, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

We find the evidence tending to show mental incapacity, introduced by the defense, when considered alone, amply sufficient to sustain the verdict. In such case the verdict of a

jury will not be disturbed unless substantial error is shown
in the rulings of the court. It is insisted that the court
erred in refusing to admit in evidence the original three
notes for which, on account of their non-payment on June
13, 1896, the note filed in the claim against the estate was
given. The consideration of the note in issue was not
denied, and, in addition, it was admitted by the defendant
that the consideration for giving it was the three notes that
matured June 13, 1896.

This admission by defendant, in open court, gave appel-
lants all the benefits that their introduction in evidence
could have given. But they were not competent for another
reason. Neither the execution nor the consideration of the
note sued on was denied. The only defense was mental
incapacity in Myron N. Hulse when he signed said note of
June 13, 1896, as surety for Charles B. Hulse and J. W.
Stoughton. The new note so signed extended the time of
payment of the debt for which the three notes were given,
from June 13, 1896, when they were due, to May 1, 1898,
when the new note became due. This extension of pay-
ment released the surety on the three notes, unless assented
to by him. If he was incapable of transacting business, as
claimed by the defense, he was incapable of assenting to
this extension of payment. When it was admitted that
the consideration of the new note was the original debt, as
evidenced by the three notes, the admission of the three
notes could throw no other light upon the mental capacity
of Myron N. Hulse when he signed the new note. The suit
was not upon the three notes, nor upon the original con-
tract of suretyship. They were merged in the new note,
at least to the extent of extending the original time of pay-
ment, and if this extension did not bind the surety, he was
released from his original contract of suretyship. Appel-
lants were not injured by the refusal to allow evidence of
attorney's fees, as no verdict for attorney's fees could have
been given, or would have stood, if general verdict for
defense was rendered. It was not error to refuse instruc-
tion No. 1, asked by appellants. There was no claim that
the burden of proving Hulse capable of transacting busi-

ness rested upon appellants. The instructions given plainly stated that the burden of proving him incapable rested upon appellee. Nor was it error to refuse instruction No. 2. It required incapacity to be "established with reasonable certainty." It was sufficient if mental incapacity was proved by a preponderance of the evidence.

While it is said in argument in Myatt v. Walker, 44 Ill. 486, that " when unsoundness of mind is alleged as a ground for setting aside a deed, the fact must be established with reasonable certainty," this statement is to be taken in connection with the facts in that case. We do not understand that in so saying the court intended to change the rule that requires only a preponderance of the evidence to establish a material fact in issue. Many cases hold that expressions calling for a greater degree of proof are erroneous. Herrick v. Gary, 83 Ill. 85; Ruff v. Jarrett, 94 Ill. 475; Rolfe v. Rich, 149 Ill. 436.

The third instruction was properly refused. If the time of payment was extended by the note in controversy when the surety signing it was incapable, mentally, of assenting to the extension, he was released, and no recovery could be had upon his prior contract of suretyship.

We find no substantial error in the modifications of instructions complained of, nor in the instructions given for appellee. Judgment affirmed.