SURBER ET AL. *v.* MAYFIELD ET AL.

[No. 18,778.   Filed March 27, 1901.]

APPEAL AND ERROR.— *Bill of Exceptions.— Record.—* The date on which the bill of exceptions was signed by the judge, nothing in the bill showing the contrary, must be taken as the date of its presentation, and when such bill was not signed until after the expiration of the time given for presenting the same, the evidence contained therein is not properly in the record.  *p. 376.*

INSTRUCTIONS.—*When Evidence Not in Record.—Wills.—*Available error cannot be predicated upon the action of the court in instructing the jury in an action to contest a will that the will could not be set aside for undue influence unless it "was exercised upon the mind of testator by the devisees or one of them," where the evidence

Surber *v.* Mayfield.

is not in the record, since it cannot be assumed that the evidence required a broader instruction than the court gave. *pp. 376, 377.*

INSTRUCTIONS.—*When Evidence Not in Record.— Wills.*—Where the evidence is not in the record it must be presumed that the court in charging the jury as to the formal execution of a will conditioned the execution upon the existence of facts with reference to which there was evidence. *p. 377.*

SAME.—*Wills.— Contest.—Burden of Proof.*—In the trial of an action to contest a will on account of undue influence in its execution, an instruction that "the law presumes in favor of honesty and fair dealing, and whoever asserts the contrary must prove it to your satisfaction by a preponderance of the evidence" did not require plaintiffs to prove undue influence "beyond a reasonable doubt," but required of plaintiffs only a preponderance of the evidence. *p.378.*

From the Owen Circuit Court. *Affirmed.*

*W. Hickam, L. U. Downey* and *J. C. Robinson,* for appellants.

*I. H. Fowler* and *T. H. Spangler,* for appellees.

BAKER, J.—Appellants unsuccessfully contested the will of John C. Mayfield. They allege that the court erred in denying them a new trial.

Twenty-nine grounds relate to the evidence. None of these can be considered, because the evidence is not in the record. The court granted appellants time beyond the term. Time expired March 13, 1898. The bill was signed and filed June 25, 1898. Since nothing in the bill shows to the contrary, the date of signing must be taken as the date of presentation. The statement indorsed upon the bill that it was presented to the judge on February 26, 1898, is of no avail, for the statute requires that "the date of presentation shall be stated in the bill of exceptions". §641 Burns 1894, §629 R. S. 1881 and Horner 1897; *Cornell* v. *Hallett,* 140 Ind. 634; *Ayres* v. *Armstrong,* 142 Ind. 263; *Davis* v. *National Forge, etc., Co.,* 143 Ind. 142; *Chicago, etc., R. Co.* v. *Cason,* 151 Ind. 329.

Appellants complain of instruction numbered one. In this, the court charged the jury that the will could not be set aside for undue influence unless it "was exercised upon the

mind of the testator by the devisees or one of them". Appellants claim they had the right to show that the will was the product of undue influence exerted upon the testator by any person. Granted. They further assert that they proved undue influence on the part of others than the devisees. The evidence is not in the record. We can not assume that the evidence required a broader instruction than the court gave.

Instruction numbered three and one-half is assailed in appellants' brief; but the alleged error in giving it was not made one of the grounds of the motion for a new trial.

Objection is made to that part of instruction numbered two, given on appellees' request, which relates to the formal execution of the will. The court informed the jury that the will was executed with due formality if they found from the evidence "that the will was written on August 7, 1893; that the testator signed it on that day and was then and afterwards for a year or two a person of sound mind; that on August 8, 1893, he procured one Fred Spangler and one Raleigh Jones to sign such will as subscribing witnesses thereto; that at the time they so witnessed such will the name of the testator was already signed to the same; that the will was read aloud in the hearing and presence of the testator as his last will and testament and he assented to the same at the time; and that Spangler and Jones, after the will had been so read, signed the same as subscribing witnesses thereto in his presence". Counsel claim that this part of the instruction, "when read in the light of the evidence, is erroneous". As the evidence is not in the record, it must be presumed that the court fairly conditioned the formal execution of the will upon the existence of facts with reference to which there was evidence. On this basis, no error is shown.

Counsel contend that the sixth instruction takes away from the jury the issue as to the formal execution of the will. That issue was covered by other parts of the charge. This instruction deals exclusively with the question of testa-

mentary capacity. If it withdraws from the jury other issues, it does so only by failure to mention them. The court was not required to bring forward into each succeeding statement all that had gone before.

The only criticism of the eighth instruction is based upon its relation to the evidence.

In the tenth instruction the jury were told that "the law presumes in favor of honesty and fair dealing, and whoever asserts the contrary must prove it to your satisfaction by a preponderance of the evidence". Appellants insist that this put upon them the burden of proving undue influence "beyond a reasonable doubt". The instruction required of appellants only "a preponderance of the evidence". The phrase "to your satisfaction" informed the jurors that they were the judges as to where the preponderance lay. If they were not satisfied that undue influence had been established by a preponderance of the evidence, they ought not to have found it.

Appellants urge that the court invaded the province of the jury in giving the sixteenth and last instruction. It is the usual formula advising the jury in regard to the circumstances they may consider in determining the credibility of the witnesses and the weight of the evidence.

Judgment affirmed.