## The Ohio Oil Company *v.* Griest.

[No. 3,995.     Filed November 25, 1902.]

PLEA IN ABATEMENT.—*Process.*—A plea in abatement by a corporation on the ground that process was served on an improper person should allege that he was not a proper person at the time the summons was actually served, not at the time the plea was filed. *pp. 86, 87.*

MINES AND MINERALS.—*Natural Gas.*—*Lease.*—*Removal of Fixtures.* —A complaint by a landowner against a lessee for damages, charging that the lessee destroyed a gas-well on the leased premises by removing the drivepipe, casing, and tubing from the well, states a cause of action regardless of the question as to whether or not natural gas, or the various appliances necessary to bring it to the surface, are personal property; since the shaft or hole drilled into plaintiff's land which was destroyed by removing the casing was a part of the realty. *p. 87.*

From Adams Circuit Court; *D. D. Heller,* Judge.

Action by Reuben Griest against the Ohio Oil Company for damages to real estate. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*O. H. Adair* and *J. F. LaFollette,* for appellant.
*C. Corwin, J. J. Moran* and *J. F. Denney,* for appellee.

HENLEY, J.—This was an action for damages to real estate growing out of the breach of a contract. The facts were as follows: In April, 1893, one Jasper N. Hiatt was the owner and in possession of the real estate affected. On the 6th day of May, 1893, the sheriff of Jay county, by virtue of a decree issued to him by the clerk of the Jay Circuit Court, sold the real estate at sheriff's sale to appellee, who took a certificate of purchase therefor. On the 18th day of August, 1893, and while the certificate of sale was held by appellee, the said Hiatt leased the real estate

to one Huffman, trustee, for the purpose of having it drilled for oil and gas. In September, 1893, the said Huffman drilled and completed a gas-well thereon. On the 24th day day of February, 1894, Huffman sold and assigned said lease, well, and fixtures to appellant. On the 3d day of March, 1894, appellee leased the same land to Huffman for the purpose of having it drilled for gas and oil, and said Huffman, on the 28th day of March, 1894, sold and assigned the lease from appellee to appellant. Jasper N. Hiatt failed to redeem the real estate from sheriff's sale, and on the 8th day of May, 1894, appellee received a sheriff's deed for the land. The well on the land produced gas in marketable quantities for three or four years, and appellee was paid the rental as stipulated in the lease, and was furnished with gas for use in his dwelling on the land. After a few years the flow of gas from the well was so reduced in quantity that it became unprofitable to convey it from the premises, whereupon appellant entered upon the premises and removed the drivepipe, casing, tubing, and other fixtures connected with the operation of the well. The lease from Hiatt and the lease from appellee to Huffman both contained the following provisions: "The lessee to have the right to remove any buildings, machinery, or fixtures placed on said premises by them at any time, either before or after the limitation of this lease," also the following provision: "If lessee, at its option, abandons well on said premises furnishing gas sufficient for said residence, said well shall be left in such condition as to be used by said first party, at his, said first party's, expense."

It is averred in the complaint that appellee was the owner of a certain tract of land; that there was a gas-well on said land which was producing sufficient gas for fuel and light for his dwelling-house thereon; that said well consisted of a shaft drilled in the earth, in which was placed drivepipe, casing, and tubing through which the gas flowed to the surface of the ground, and thence into pipes for distribution;

that appellant wrongfully removed the drivepipe, casing, and tubing from the said well, thereby destroying it, and cutting off the flow of the gas, and by reason thereof damaging his real estate to the sum of $1,500. Appellant filed a plea in abatement, to which a demurrer was sustained. An answer was filed consisting of five paragraphs, the first paragraph being a general denial. Appellee's demurrer was sustained to the second, third, and fourth paragraphs of answer, and overruled as to the fifth. The cause was submitted for trial by the court and jury, and a verdict returned for $700, for which amount judgment was rendered in favor of appellee.

Counsel first discuss the action of the trial court in sustaining the demurrer to the plea in abatement. The plea in abatement was directed against the process of the court, it being averred, amongst other facts, that no service of any kind in said action, and no process whatever was ever served in any manner on said corporation, for the reason that the person upon whom service was had is employed as a laborer for said defendant, and in no other capacity; "that said Black's duties for said company are those only of looking after the production of oil in certain sections of the Jay county, Indiana, oil field, and that said Black has no authority to pay any bills or any debt owed by said company, and is in all his said acts for said company under the direction of William M. Page; that said pretended service was the only service had or attempted to be had in said cause." The William M. Page referred to was the company's agent residing in Montpelier, Blackford county, Indiana, and it was alleged that he was the only agent of appellant residing in Indiana. In the sheriff's return it is certified that the summons was served on James Black, the field boss of the Ohio Oil Company, "there being no higher officer or person representing the defendant company in his bailiwick upon whom service could be had." The plea in abatement is indefinite and uncertain upon

the material fact which it seeks to establish. It only goes to the character of the employment of the man Black at the time of the filing of the plea. It should be made to appear that Black was not such a person as valid service could be had upon at the time the summons was actually served, and not at the time the plea was prepared or filed. It has often been held by the courts of appeal in this State that a plea in abatement must be certain in intent in every particular; that it requires the utmost fullness, certainty, and particularity of statement, leaving nothing to be supplied by intendment or construction; that the pleader must not only answer fully what is necessary to be answered, but must anticipate and exclude all such matters as would, if alleged upon the opposite side, defeat his plea. *Needham* v. *Wright,* 140 Ind. 190; *Rush* v. *Foos Mfg. Co.,* 20 Ind. App. 515, and cases cited.

It is next contended that the complaint is insufficient, because natural gas being personal property, when reduced to possession, the destruction of a gas-well thereon could not be an injury to the real estate. The theory of the complaint is that appellant, having violated its contract by destroying a gas-well on the land owned by appellee, had thereby damaged the land and lessened its value; and this theory can be maintained without regard to the question of whether or not natural gas, or the various appliances necessary to bring it to the surface, are personal property. This much can certainly be said: that the shaft drilled in appellee's land from the surface to the gas-bearing rock was a part of his realty. This hole or shaft was destroyed. By destroying it appellant violated its several contracts, and injured appellee's real estate. The complaint stated a cause of action.

The third and fourth paragraphs of answer are based upon the leases. Appellant claims that the proper construction of these contracts would give it the right to remove all the pipe and fixtures from the well. What we

have heretofore said in this regard is sufficient to dispose of this contention. Whether the structures were personalty or real estate does not matter. Appellant contracted regarding them, and their removal injured appellee's land. The answers did not state a defense to appellee's complaint.

We have carefully reviewed the evidence in this case and the instructions given to the jury, and find that the verdict is sustained by the evidence, and that no available error can be predicated upon the instructions. A review of the whole case convinces us that it was fairly tried, and a correct result reached. Judgment affirmed.