## LECHNER *v.* STRAUSS ET AL.

[No. 7,614. Filed May 17, 1912.]

1. PLEADING.—*Answer in Abatement.—Requisites.*—An answer in abatement should be pleaded without any repugnancy and should be certain to every intent, so that there is nothing to be supplied by intendment or construction and no supposable special answer left unobviated. p. 420.

2. PLEADING.—*Action Prematurely Brought.—Answer in Abatement.—Sufficiency.*—In an action to recover a balance due on a

contract for the sale of real estate and on a duebill given by the purchaser, where the complaint averred plaintiff's full performance of the terms of the contract and duebill, his execution of a deed to the land and its acceptance by the purchaser, and the contract sued on showed that plaintiff was required to furnish an abstract showing a mechantable title in fee simple to the approval of the purchaser and to execute and deliver a deed in escrow to be surrendered to the purchaser upon performance on his part, and the duebill recited that it was given for the balance due under the contract and would become payable on or after a designated future date on the furnishing of an abstract of title to the approval of the purchaser, an answer in abatement of the action as having been prematurely brought, which did not aver as a fact that plaintiff did or did not furnish an abstract of title, or, if furnished, that it was defective and that it was not approved, was insufficient both in law and in equity to show that the collection of plaintiff's claim should be delayed. pp. 421, 425.

3. VENDOR AND PURCHASER.—*Contracts.*—*Waiver of Modification of Prior Contract.*—Where the time of payment as fixed in a contract for the sale of real estate is, by the terms of a duebill given for the unpaid portion of the purchase price, postponed until the delivery by the vendor of an abstract showing a merchantable title to the approval of purchaser's attorneys such provision may be waived by the purchaser. p. 422.

4. VENDOR AND PURCHASER.—*Contracts.*—*Construction.*—A contract for the sale of real estate on specified terms and a duebill given for the unpaid portion of the purchase price, reciting that it is due on or after a certain date on the furnishing of an abstract of title to the approval of the purchaser, must be construed as an entirety, and, if susceptible of two constructions, a fair and equitable construction will be adopted rather than one which would result in injustice. p. 424.

5. CONTRACTS.—*Construction.*—Where a contract is fairly open to two constructions, one favorable to the party in whose interest it was prepared, and one favorable to the other contracting party, the construction favorable to the latter will be adopted if consistent with the object for which the instrument was prepared. p. 425.

From Allen Circuit Court; *Edward O'Rourke,* Judge.

Action by George W. Lechner against Simon J. Strauss and another. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Eichhorn & Vaughn,* for appellant.

*Biggs, Barrett & Morris,* for appellees.

HOTTEL, J.—Appellant brought this action to recover a balance due on a contract for the sale of real estate and on a duebill. Appellees appeared specially and filed an answer in abatement in two paragraphs, a demurrer to each of which was filed and overruled. A denial to each paragraph of said plea closed the issues, and a trial by the court resulted in a judgment for appellees.

The ruling of the court on the demurrers to each of the paragraphs of the plea in abatement presents the only question to be determined by this court. The complaint sets out the contract for the sale of the real estate and the duebill. The substance of that part of the contract and duebill necessary to an understanding of the questions presented is as follows: Appellant in consideration of $1.00 and the covenants and agreements of appellees set out, grant unto appellees the option to purchase at any time on or before the 1st day of November, 1907, for the sum of $6,000.00 on the terms and conditions hereinafter set out, the real estate described in Allen County, Indiana. In case of acceptance of such option, appellant was to convey by deed of general warranty to Abe Ackerman, of said county (one of the appellees) or to such other grantee as appellees might direct, a merchantable title in fee simple to said premises free of all incumbrances except as stipulated; such deed to be executed and delivered by appellant within ten days after the acceptance of the option to Old National Bank of Fort Wayne, to be by it held in escrow until appellees performed their part of the contract, whereupon such custodian was to surrender it to appellees; appellant to procure and deliver to appellees at Commercial Bank, in said city of Fort Wayne, an abstract of title to said premises showing title as aforesaid, all to the approval of appellees, the same to be submitted for examination within thirty days from appellees' acceptance, of the option contract, appellant to cause all defects therein to be corrected within sixty days thereafter, and if not corrected by that time, the appellees were author-

ized at their option to cause the same to be corrected, in which event appellant was to pay the expenses thereof. In consideration for which appellees agreed that should they avail themselves of this option, they would pay for said real estate said sum of $6,000 as follows: "$1,000 on or before the 1st day of November, 1907,   *   *   *   and the balance of $5,000   *   *   *   on or before the 1st day of January, 1908,   *   *   *   at the office of said Strauss Brothers & Company, Fort Wayne," or at the office of said custodian at the option of appellees, providing that if appellant shall not have complied with his part of this contract, by said time, then appellees may at their option, withhold such payments until the same has been done. At the time of such final payments, appellant shall execute to the appellees an affidavit for further assurance as to title, in accordance with this contract. In the event of the default of appellant in the performance of this contract, the said custodian shall hold all of said purchase money that may thereafter be paid by appellees as indemnity, to secure the performance of this contract by appellant, until the same is complied with. Time is the essence of this contract and shall be so construed.

"DUEBILL.

Ligonier, Indiana, December 30th, 1907.
  *   *   *   There will be due from the undersigned Strauss Brothers & Company, to George W. Lechner, the sum of   *   *   *   ($5,000.00)   *   *   *, as the balance of the purchase price for the real estate conveyed by Warranty Deed dated the 30th day of December, 1907,   *   *   *   pursuant to contract by and between said grantor and his then wife, who has since died, and the undersigned, dated the 16th day of March, 1907. Said sum is to become due and payable   *   *   * on or after the first day of May, 1908,   *   *   *   and when the said grantors shall have delivered to the undersigned an abstract of title to said premises showing merchantable title thereto free of liens, all to the approval of the attorneys for the undersigned and all in

accordance with the provision of said contract which is referred to herein and made a part hereof. The undersigned reserve the right to cause all of the conditions of this due bill to be complied with and they are hereby authorized to pay the abstractors and attorneys for their services and expenses incurred on account thereof whether contracted for by the said payee or by the undersigned. All disbursements as provided for herein which shall be made by the undersigned are to be deducted from the amount of this duebill. That portion of said sum, if any, in excess of Two Hundred ($200) dollars, shall bear interest at the rate of 5 per cent per annum from the first day of March, 1908, until the aforesaid conditions of this duebill are complied with, provided, however, that such interest shall cease in any event at the expiration of one year. The residue of said sum shall not bear any interest. * * *

By Simon J. Strauss,
a member of said firm.''

This duebill shows a number of indorsements of payments of various sums, the last of which bears date October 24, 1908, when $262.18 was paid thereon.

Appellant in his amended complaint avers that he had ''fully performed and complied with the terms of said contract and duebill in the matters therein set forth; that he executed the deed of conveyance for said real estate to the defendants which deed was accepted by said defendants and that said defendants have since sold and conveyed said property * * * that there is due plaintiff under said contract and duebill the sum of $1,206.46.''

The first paragraph of the plea in abatement, after averring that defendants appear specially to the amended complaint, alleges, in substance, that appellant ought not to maintain his action, because, he executed the ''option contract,'' which is also filed as an exhibit with said plea; that pursuant to said option appellees purchased said real estate from appellant, and that he conveyed the same to Abe Ackerman; that (we quote) ''on the duebill herein sued upon there is to be paid plaintiff * * * ($1,266.92) but de-

fendants aver that said amount is not due nor payable nor was the same due or payable at the commencement of this action because they say, that in and by the terms of said contract plaintiff agreed to deliver defendants an abstract of title to the above real estate, compiled by competent and responsible abstractors, showing a merchantable title therein in plaintiff, free of all liens, such abstract to be approved by defendants' attorneys and defendants aver that plaintiff did not comply with *his contract* in this, that *the same* was not approved either by the defendants or their attorneys because as shown by the abstract delivered by plaintiff to defendants,'' certain suits were filed against appellant, which, it is averred, affected the title to said real estate, viz., a suit by Thomas Greer, the administrator of appellant's grantor; against appellant for an amount alleged to be due on purchase-money notes given for said land, and to foreclose a vendor's lien thereon. The compromise and settlement of said suit is alleged, also the filing of other suits against appellant, all of which it is alleged were dismissed except one, and as to this, it is averred that judgment was rendered for appellant.

Then the following averments are given: ''That because of the institution of said action by said Thomas Greer, administrator, the manner of the settlement thereof and the other suits brought affecting said real estate *defendants' attorney insisted that in order to cure any defects in the conveyance by said Patrick Malloy, to plaintiff* and by reason of similar claims, which might be asserted by the heirs of said Patrick Malloy, deceased, who were unknown, it would be necessary to bring action against all such heirs of said Patrick Malloy, whose names and residences were unknown, and thereupon plaintiff employed his attorney, Charles Kuhne, to bring action in the name of Thomas P. Stack, grantee of said Abe Ackerman, * * * against all the heirs, unknown spouses, * * * and all parties appearing of record who might have any claim against said

real estate, and, with said complaint, plaintiff filed his affidavit that the residences of each and all of said defendants to said action upon diligent inquiry were unknown, and * * * a decree was entered quieting the title in and to said premises in said Thomas P. Stack and *thereupon defendants and their attorneys objected to said abstract* as not being merchantable and to the payment of said balance under said duebill until the expiration of five years from the date of said decree, towit: September 17, 1908, and for the cause of objection state and now allege that under the laws of Indiana any of the defendants to said action upon a proper showing would have the right to open up said decree within said time and further notifying plaintiff that they would pay the balance due on said duebill at the expiration of said time. Defendants further aver that they notified plaintiff that said abstract was not merchantable in that, the same on its face showed that claims were asserted and made by heirs and others interested in the estate of said Patrick Malloy, deceased, that at the time of said conveyance he was of unsound mind and that until twenty years had expired from the date of his death and the issuance of said letters of administration, as aforesaid, said title would be open to attack by the heirs of said Patrick Malloy, deceased, who were then unknown; that by reason of the premises said duebill was not payable at the commencement of this action, and will not be due or payable until five years from September 17th, 1908, by reason of the matters and things hereinbefore set forth.''

In determining the sufficiency of an answer in abatement, the rule governing the same is different from that which ordinarily obtains in determining the sufficiency of a

1. pleading. The Supreme Court in the case of *Needham* v. *Wright* (1895), 140 Ind. 190, 194, 39 N. E. 510, quotes from 1 Chitty, Pl. 462, the following language: '' 'As pleas in abatement do not deny, and yet tend to delay the trial of the merits of the action, great accuracy and

precision are required in framing them. They should be certain to every intent, and be pleaded without any repugnancy.' In Stephen Pl. 352 (9th Am. ed.), it is said that dilatory pleas 'are regarded unfavorably by the courts, as having the effect of excluding the truth;' and therefore that they 'must be certain in every particular; which seems to amount to this, that they must meet and remove by anticipation every possible answer of the adversary.' * * * In Gould Pl. §§52, 57, 58, 59, in speaking of the certainty required in pleas in abatement and other dilatory pleas, the rule is stated even more strongly: 'Certainty of this sort, or "to a certain intent in *every particular*," requires the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving, on the one hand, nothing to be supplied by intendment or construction; and on the other, no supposable special answer unobviated. The rule requiring this degree of certainty, is a rule not of *"construction"* only, but also of *"addition"*; that is, it requires the pleader, not only to answer fully what is necessary to be *answered;* but also to *anticipate* and exclude all such supposable matter, as would, if alleged on the opposite side, *defeat* his plea.' The rule as thus given by the textwriters is followed in this state. *Board, etc.,* v. *Lafayette, etc., R. Co.* [1875], 50 Ind. 85 (117); *Kelley* v. *State* [1876], 53 Ind. 311 (312). See, also, 1 Am. and Eng. Ency. Law 11, and notes.''

It will be observed from the language of the answer quoted that it is nowhere alleged as a fact that appellant did or did not furnish an abstract. It is nowhere alleged

2. as a fact that appellees, either in person or by their attorneys, refused to approve, or whether or not any abstract was in fact submitted for the approval or disapproval of either appellees or their attorneys. It is nowhere alleged as a fact that the abstract furnished was defective or not merchantable. It is only alleged that plaintiff did not comply with *his contract* in this, that *the same* (necessarily

referring to contract) was not approved either by the defendants or their attorneys, because, etc., and then follows an enumeration of certain suits which the recital above would indicate was shown by the abstract. True, after the recital of the facts connected with the various suits filed, and their disposition, and after averring that on account of such suits the appellees' attorney "insisted that in order *to cure any defects in the conveyance by said Patrick Malloy,*" it would be necessary to bring action against all such heirs, and after averring that pursuant to this request the appellant employed his attorney to bring such suit in the name of appellees' grantee, Thomas P. Stack, and by such suit obtained a judgment therein quieting the title in and to said premises in said Stack, it is then averred that thereupon appellants "and their attorneys objected to said abstract as not being merchantable, and to the payment of said balance."

Tested by the rule governing pleadings generally, this paragraph of answer would be open to criticism, to say the least, in that some of its essential averments are uncertain, and are made by way of recital and conclusion, and when tested by the rules above announced governing pleas of this character, it is fatally defective, in that it is not "certain to every intent," and falls far short of containing "the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving, on the one hand *nothing to be supplied by intendment or construction,* and on the other *no supposable special answer unobviated.*"

Giving appellees the benefit of the construction which they insist must be given to the duebill, viz., that it expressly postpones the time of its payment until the delivery by appellant of an abstract showing a merchantable title in said real estate, all to the approval of appellees' attorneys, yet this condition, the same as any other, might have been waived by appellees.

The complaint to which this answer is addressed avers

performance of all the terms of the contract and duebill, and that appellant had executed the deed to the real estate in question, which deed *"was accepted"* by the appellees, and that they "have since sold and conveyed the property." The option contract provided that the deed should be placed in a bank in escrow within ten days after the acceptance of such contract by appellees, to be held until the terms of the contract were complied with by appellees. Appellees were to pay $1,000 cash on or before November 1, 1907, and the remaining $5,000 on or before January 1, 1908. Instead of paying in full on January 1, 1908, appellees gave the duebill sued on.

The option contract provided that in case of default on appellant's part in the performance of such contract, the custodian should hold all of such purchase money, thereafter paid by appellees, as indemnity to secure such performance. The duebill provided that appellees might withhold the payment of all of the $5,000 until abstract was furnished. In view of said conditions in the option contract and the duebill, the acceptance by appellees of the deed and their conveyance of the real estate to another, and the payment by appellees of all of the $5,000 except $1,266.92, the averment in the answer that appellees' attorneys insisted that, *in order to cure any defects in the conveyance to appellant* from his grantor, a suit should be filed to quiet title, and that pursuant to this request appellant authorized his attorney to bring such suit in the name of appellees' grantee, the bringing of said suit and the quieting of title are each and all facts strongly suggestive, at least, of a waiver of said condition, postponing payment until abstract was furnished, and, under certain conditions, might be conclusive thereof.

It is nowhere averred in this answer when the abstract which appellees in person or by their attorneys refused to approve was furnished for examination under said option contract, whether before or after appellees' acceptance of the deed, and the conveyance of the land by appellees. or

whether before or after the payment of the various sums paid on the duebill. Nor is it, in fact, averred whether such abstract was furnished before or after the giving of the duebill itself.

Appellees apparently recognize that the equities of the case are against their contention, but insist that equitable principles have no place in the case. This statement is true when properly qualified. If the court were required to construe the contract of sale and the duebill on which this action is brought, which it would necessarily be required to do if the plea in abatement were in all other respects sufficient, they would be construed as an entirety; and if there were such ambiguity and uncertainty in their meaning as to make them susceptible of two constructions, well-established principles governing in such cases would require the adoption of a fair and equitable construction, rather than one which would result in injustice and inequity. *Cleveland, etc., R. Co.* v. *Moore* (1908), 170 Ind. 328, 340, 82 N. E. 52, 84 N. E. 540; *Dunning* v. *Elmore Hamilton Cont. Co.* (1910), 124 N. Y. Supp. 107, 111, 139 App. Div. 249; *Chicago, etc., R. Co.* v. *Provolt* (1908), 42 Colo. 103, 117, 93 Pac. 1126, 16 L. R. A. (N. S.) 587.

In this connection it may be stated further, that looking at all the provisions of this option contract and duebill, it is manifest that they were prepared by appellees or their agents or attorneys, or, at least, that the dominant, if not the sole intent and idea of the person who prepared the same was to see that appellees' interests were fully protected. In such a case, where the writing is fairly and reasonably open to two constructions, one favorable to the party in whose interest it was prepared, and one favorable to the other contracting party, the courts will adopt that construction favorable to the latter party rather than that favorable to the first party, when such construction is consistent with the objects for which the instrument was prepared. *Wilson* v. *Cooper* (1899), 95 Fed. 625, 628; *Leslie*

v. *Bell* (1904), 73 Ark. 338, 342, 84 S. W. 491; *First Nat. Bank* v. *Hartford Fire Ins. Co.* (1878), 95 U. S. 673, 24 L. Ed. 563; *Rankin* v. *Rankin* (1903), 111 Ill. App. 403, 409.

But for the reasons above suggested, the averments in the plea in abatement are not sufficient to show that either in law or equity the collection of plaintiff's claim, relied upon in his complaint, should be delayed. What we have said in regard to the first paragraph of the plea, necessarily means that the second is also bad.

The judgment is therefore reversed, with instructions to the court below to sustain the demurrer to each of the paragraphs of the answer in abatement, and for such further proceedings as may be consistent with this opinion.

NOTE.—Reported in 98 N. E. 444. See, also, under (1, 2) 31 Cyc. 179; (3) 39 Cyc. 1292; (4) 39 Cyc. 1296; (5) 9 Cyc. 590. As to options to purchase land, also, as to time fixed for payment, see 104 Am. St. 271, 275. As to rule favoring the grantee of a deed in preference to the grantor, see 59 Am. Dec. 548.