## NATIONAL LIVE STOCK INSURANCE COMPANY
## v. WOLFE.

[No. 8,342. Filed October 8, 1914. Rehearing denied March 2, 1915. Transfer denied June 24, 1915.]

1. INSURANCE. — *Action.* — *Complaint.* — *Answer in Abatement.* — Where a policy of live stock insurance provided that the insurance was to be paid sixty days after proof of loss had been made by the insured and received by the company, and the complaint, in an action on the policy, alleged facts showing a waiver of such provision by a denial of liability, an answer in abatement on the ground that the action was prematurely brought, because brought before the expiration of such sixty-day period, was insufficient in the absence of any statement either by direct allegation or inference that such sixty-day clause had not been waived. pp. 421, 422.

2. INSURANCE.—*Policy.*—*Provisions Fixing Time for Payment.*— *Waiver.*—A clause in an insurance policy providing that the amount of the policy is to be paid sixty days after proof of loss has been made by the insured and received by the company may be waived so as to authorize an immediate action on the policy, by the company undertaking an investigation of its liability and then rejecting the claim and denying liability. p. 421.

3. INSURANCE.—*Live Stock Insurance.—Action on Policy.—Instructions.*—In an action to recover on a policy of live stock insurance, an instruction stating that in order for the defendant to secure an appraisement of the animal insured the burden of proof was on defendant "to prove to your satisfaction" by a fair preponderance of the evidence that it requested plaintiff to consent to an appraisement, that it selected an appraiser and notified plaintiff of that fact, and that it furnished blanks upon which to make the appraisement, and further stating that if defendant had failed to prove such facts by a fair preponderance of the evidence the plaintiff was absolved from taking part in an appraisement, was not objectionable as imposing on defendant by reason of the quoted words a higher duty than that of merely making proof by a preponderance of the evidence. p. 422.

4. APPEAL.—*Review.—Harmless Error.—Instructions.*—An instruction stating that if the jury find "under the instructions given" certain facts to be true, etc., though incorrect in the use of the quoted expression instead of advising that the finding must be from the evidence, was not fatally erroneous in view of other instructions clearly stating that the finding must be upon a fair preponderance of the evidence. p. 423.

5. INSURANCE.—*Live Stock Insurance.—Appraisement of Loss.— Instructions.*—In an action on a policy of live stock insurance, in which participation by the insured in the appraisement of loss was not made a condition precedent, failure by the insured to participate in such appraisement would not alone defeat his right to recover; hence instructions telling the jury that it was defendant's duty to request plaintiff to consent to an appraisement, and that the refusal of plaintiff to have anything to do with an appraisement was not of itself sufficient to relieve defendant from liability, correctly stated the law and were not conflicting. p. 424.

6. EVIDENCE.—*Written Instruments.—Admissibility of Evidence of Contents.—Necessity for Notice to Produce Original.*—In an action on a policy of live stock insurance, there was no error in admitting in evidence the contents of a letter alleged to have been written to the company pursuant to the terms of the policy, notifying the company of the sickness of the animal insured, though no notice to produce the original had been given as required by §502 Burns 1914, §479 R. S. 1881, since, in view of testimony of the agent of defendant in charge of its correspondence that no such letter had been received by defendant, notice on defendant to produce it would have been futile. p. 424.

7. TRIAL.—*Issues.—Delivery of Letter.—Question for Court or Jury.*—That a letter properly addressed and stamped was mailed makes a *prima facie* case of delivery in due course of mail, which, if denied, presents a question of fact for determination by the court or jury trying the cause. p. 424.

8. EVIDENCE.—*Written Instruments.—Notice to Produce.—Statutory Provisions.*—The purpose of §502 Burns 1914, §479 R. S. 1881, relative to notice to produce writings before parol proof of their contents can be admitted, is to require the production of the best evidence if possible. p. 424.

9. APPEAL.—*Review.—Intervening Error.—Affirmance.*—Where it appears from the whole record that the cause was fairly tried and a correct result reached, errors of a technical character and not prejudicial to the substantial rights of appellant can not work a reversal. p. 425.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by Harry M. Wolfe against the National Live Stock Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Mitchel S. Meyberg* and *John H. Spencer,* for appellant.

*Gardiner, Tharp & Gardiner* and *Padgett & Padgett,* for appellee.

SHEA, J.—Action by appellee to recover on a policy of insurance issued by appellant on the life of a bull, of which appellee claimed to be the owner. Appellee's complaint alleged, in substance, that appellant was a corporation engaged in the live stock insurance business with its principal office in the city of Indianapolis, Indiana, and an agency in the city of Washington, Indiana, in charge of its agents Stewart A. Ridgway and Enoch Chattin; that on August 3, 1911, appellant, by policy made a part of the complaint by exhibit, insured appellee against loss by death or theft of a certain bull, in the sum of $500, said animal being worth $1,000 at the time of his death; that on October 14, 1911, and during the lifetime of the policy, said bull died of disease, due notice of which fact was given appellant by appellee in writing, a copy of which is made a part of the complaint by exhibit, but that before service of said notice on October 16, 1911, appellant "having theretofore received notice through its agents of the death of said bull, waived the notice required by the terms of said policy", and without waiting for final proof of said loss proceeded to investigate the facts surrounding the death of said bull, and appellee's claim under the policy, rejected the claim, denied liability under the policy, and refused to pay same; that appellee paid appellant a premium of $40 and performed all agreements and conditions incumbent upon him by the terms of said policy; that he has demanded payment of the amount of the policy, but appellant has refused and rejected said demand and claim, although it took cognizance of said notice of the death of the bull, and investigated same and negotiated with appellee relative to the payment of said policy.

Appellant filed a plea in abatement which alleged substantially the following facts: That the contract and claim sued upon was not due at the time of the beginning of the cause of action; that the contract of insurance provided that it would insure appellee against loss by death

of a bull in a certain sum "to be paid sixty days after proof of the same has been made by the assured and received by the company"; that the bull died October 14, 1911, and appellant furnished appellee a blank proof of loss on October 16, 1911, which appellee on that day filled out and submitted to appellant; that appellee filed this suit on November 9, 1911, less than sixty days from the time proof of loss was submitted to appellant, and that it is less than sixty days from the time the animal died; that the cause of action was prematurely brought and the contract and claim sued on was not due at the time of the bringing of this cause of action. The court sustained appellee's demurrer to appellant's plea in abatement, also overruled its demurrer to the complaint and appellant then filed an answer in six paragraphs, the first a general denial. A trial of the issues formed resulted in a verdict and judgment for appellee for the amount of the policy, $500.

The errors relied on for a reversal are the sustaining of appellee's demurrer to appellant's plea in abatement and the overruling of appellant's demurrer to the complaint and its motion for a new trial. It is stated in point four of appellee's brief that the plea in abatement did not controvert the averments of the complaint, nor obviate facts which might be set up by special answer, that the company had waived the sixty-day clause contained in the policy by denying liability which might be pleaded in reply to the answer in abatement, and that the plea in abatement was therefore not sufficient. It is true, in policies such as the one being considered, containing a sixty-day clause such as this one, that the company may waive its rights. For instance, if the insurer undertakes an investigation of its liability, and then rejects the claim and denies liability, the sixty-day clause may be deemed to be waived, and an action may be brought at once. *Germania Fire Ins. Co.* v. *Pitcher* (1903), 160 Ind. 392, 64 N. E. 921, 66 N. E. 1003; *Home Ins. Co.* v.

*Marple* (1891), 1 Ind. App. 411, 27 N. E. 633; *Whitten* v. *New England, etc., Ins. Co.* (1896), 165 Mass. 343, 43 N. E. 121. In the case of *Ohio Oil Co.* v. *Griest* (1902), 30 Ind. App. 84, 87, 65 N. E. 534, the court uses this language: "It has often been held by the courts of appeal in this State that a plea in abatement must be certain in intent in every particular; that it requires the utmost fullness, certainty and particularity of statement, leaving nothing to be supplied by intendment or construction; that the pleader must not only answer fully what is necessary to be answered, but must anticipate and exclude all such matters as would, if alleged upon the opposite side, defeat his plea." It is not stated in the plea in abatement either by direct allegation or by inference that the sixty-day clause was not waived. This would have been a good reply to the plea, and therefore under the rules as above stated, the demurrer was rightly sustained. The following authorities fully sustain this principle. *Lechner* v. *Strauss* (1912), 50 Ind. App. 414, 98 N. E. 444; *Moore* v. *Morris* (1895), 142 Ind. 354, 355, 41 N. E. 796; *Winer* v. *Mast* (1896), 146 Ind. 177, 183, 45 N. E. 66.

Instructions Nos. 10 and 11 given by the court on its own motion are criticised. Instruction No. 10 reads as follows: "In order for the defendant to secure an appraisement of the animal insured under the terms of the policy sued on, the burden of proof rests upon the defendant to prove to your satisfaction by a fair preponderance of the evidence, first, that it requested the plaintiff to consent to an appraisement; second, that it selected an appraiser and notified the plaintiff of that fact; and, third, that it furnished blanks upon which to make the appraisement. If the defendant has failed to prove these facts, as stated, by a fair preponderance of the evidence, then the court instructs you that the plaintiff would be absolved and released from all obligation to take any part in an appraisement of the property." It is insisted in criticism of this in-

struction that the words "to prove to your satisfaction" imposed upon the defendant a higher duty than the mere proof by a preponderance of the evidence; that the words "to your satisfaction", implied a higher order of proof than a mere preponderance. Respectable authority outside of this jurisdiction sustains appellant's contention. See *Rolf* v. *Rich* (1893), 149 Ill. 436, 35 N. E. 352. Our own cases, however, hold a contrary view. *Zonker* v. *Cowan* (1882), 84 Ind. 395; *Surber* v. *Mayfield* (1901), 156 Ind. 375, 60 N. E. 7.

Instruction No. 11 given by the court on its own motion reads as follows: "If you find under the instructions given, that the defendant did request the consent of the plaintiff for an appraisement of the animal insured, and that it selected an appraiser and notified the plaintiff of that fact, and also furnished blanks upon which to make the appraisement, and that the plaintiff refused to have anything to do with the appraisement, the court instructs you that such refusal on the part of the plaintiff would not of itself, under the terms and conditions of the policy sued on, release the defendant from liability on said policy." It is argued that this instruction is erroneous because it tells the jury if it found "under the instructions given", instead of "from the evidence" certain facts to be true, etc. The instructions are subject to some criticism. It is not a correct expression to say in an instruction—"if you find under the instructions given," etc., as stated in instruction No. 11, but instruction No. 5 clearly states that the plaintiff is required to prove by a fair preponderance of the evidence, all the material allegations of the complaint. This, we think, renders any inaccuracy that may be said to exist in the language of instruction No. 11 harmless, as the instructions must be considered as a whole.

Instruction No. 10 tells the jury that it was the duty of appellant to request appellee to consent to an appraisement. No. 11 instructs the jury that the refusal of appellee to have

anything to do with the appraisement was not of itself sufficient to release appellant from liability under the terms of the policy. We think this is a correct statement of the law under the provisions of this policy. Appellee's participation in the appraisement is not made a condition precedent, and hence his failure to do so would not alone defeat his action. There is no conflict in the language used in these instructions as claimed by appellant.

Other instructions tendered and refused, where they state the law correctly, are fully covered by the court's instructions.

It is very earnestly argued that the court erred in admitting the contents of a letter alleged to have been written by appellee's father to appellant as required by the terms of the policy, notifying it of the sickness of the bull insured, because proper foundation for admission of documentary evidence had not been laid, no notice having been given appellant to produce the original as required by statute in the case of lost instruments. §502 Burns 1914, §479 R. S. 1881. It is not claimed that notice to produce was given. It is insisted by appellee that the evidence of appellant's agent in charge of its correspondence that no such letter was received by the company, was sufficient to warrant parol proof. It is the law that mailing a letter properly addressed and stamped makes a *prima facie* case of delivery in due course of mail, which, if denied, presents a question of fact for determination by the court or jury trying the case. *Home Ins. Co.* v. *Marple, supra.* Notice to produce the letter in this case, in view of the statement of appellant's agent, would have been a useless ceremony. The purpose of the statute is to require, if possible the production of the original document, the best evidence. Giving the notice would not have had the effect of producing the document. No error was committed in the admission of this

evidence. 1 Wharton, Evidence (3d ed.) §§154, 161 and note; *Roberts* v. *Spencer* (1877), 123 Mass. 397.

In so far as the record in this case discloses, the case was fairly tried, and a correct result was reached. There are some suggestions and insinuations of fraud, but no proof thereof. Three sections of our civil code prohibit a reversal of a judgment when it appears from the whole record that a correct result was reached. §§350, 407, 700 Burns 1914, §§345, 398, 658 R. S. 1881. In the case of *Vulcan Iron, etc., Co.* v. *Electric, etc., Min. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429, this language is used by the court: "The court erred in giving this instruction to the jury, but we are again called upon to inquire whether the error was prejudicial to appellant", concluding that the error in the giving of the instruction was not prejudicial. So, in the present case, it appears that the insurance upon the animal was taken and paid for in the usual way; the cause and manner of the death was a question of fact for the jury about which there was little or no dispute, so far as the evidence discloses. No error was committed in over-ruling appellant's demurrer to the complaint. The errors are technical in character, and in the opinion of the court the substantial rights of appellant were not prejudiced. Judgment affirmed.

NOTE.—Reported in 106 N. E. 390. As to the general question of animal insurance, see 44 L. R. A. (N. S.) 569. See, also, under (1) 25 Cyc. 1521; (3) 38 Cyc. 1753; (4) 38 Cyc. 1782; (6) 17 Cyc. 558; (7) 16 Cyc. 1065, 1070; (9) 3 Cyc. 444.